IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kyre C. Brown, ) | |
| ) | C/A No. 0:19-cv-02587-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Director Patricia Ray, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Kyre C. Brown, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the instant action be dismissed with prejudice for lack of prosecution and failure to comply with a court order. (ECF No. 24). Plaintiff was advised of his right to file objections to the Report. *Id.* at 3. Plaintiff, however, has not filed any objections, and the time to do has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to

1

the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Plaintiff filed his Complaint on September 12, 2019. (ECF No. 1). On October 8, 2019, the magistrate judge issued an order authorizing service of process on Defendant and advising Plaintiff of his duty to keep the court informed as to his current address. (ECF No. 7). On November 20, 2019, Defendant answered the Complaint and filed a motion seeking dismissal of Plaintiff's First Amendment claim. (ECF Nos. 12, 13). On November 21, 2019, the magistrate judge issued an order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences he could face if he failed to adequately respond to Defendant's motion. (ECF No. 14). Despite this admonition, Plaintiff did not respond to the motion. On December 20, 2019, the November 21st order was returned to the court as undeliverable, and the envelope noted that the Plaintiff was "no longer here." (ECF No. 21-1). On January 7, 2020, the magistrate judge filed the Report, and a copy of it was placed in the mail to Plaintiff. (ECF Nos. 24, 25). To this date, Plaintiff has not advised the court of any changes to his address, nor responded to Defendant's motion to dismiss or the magistrate judge's Report. On February 24, 2019, this court granted Defendant's motion for extension of time to file dispositive motions, and a copy of the order was placed in the mail to Plaintiff. (ECF Nos. 30, 31). However, the order was returned as "undeliverable" on February 24, 2019. (ECF No. 33). Based on his failure to comply with the Rules of Civil Procedure and the orders of the court, it appears Plaintiff no longer wishes to pursue this action.

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Accordingly, the court adopts the Report (ECF No. 24), and incorporates it herein. Therefore, this case is **DISMISSED** *with prejudice*. Furthermore, Defendant's motion to dismiss (ECF No. 12) is **DENIED as moot**. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
March 5, 2020

# NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.